**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
DENVER DIVISION**

| | |
|---|---|
| **JOSE RODRIGUEZ**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>**DTC ENERGY GROUP, INC.;**<br><br>Defendant. | No: 1:24-cv-1955<br><br><br><br><br><br>**COLLECTIVE ACTION COMPLAINT** |

## SUMMARY

1. This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers – day rate safety supervisors ("Safety Supervisors") – who work or have worked across the country for DTC Energy Group, Inc.'s ("DTC Energy") customers.

2. Incorporated in Colorado and with corporate headquarters in Bismark, North Dakota, DTC Energy is an oilfield and mining operations consulting firm that services dozens of different oil and mining clients across the United States.[1]

3. According to DTC Energy's website, the company staffs drilling engineers, drilling consultants, completion consultants, frac supervisors, safety consultants, and production consultants to clients around the United States, including in all of the major shale plays, such as the Bakken, Three Forks, Niobrara, Marcellus, Utica, Eagle Ford, Bone Springs, Wolf Camp, Clear Fork, Woodford, Tuscaloosa Marine, Mancos and Mississippi-Lim.[2]

4. As part of its services, DTC Energy staffs a variety of safety consultants to its clients' job sites, with over 50 such Safety Supervisors at any one time.

---

[1] *See* "Operations," DTC Energy Group (available at https://dtcenergygroup.com/operations/).
[2] *Id.*

1

5. Plaintiff and similarly situated Safety Supervisors work on the mining and oil well sites and typically work at least 12 to 14 hour shifts, 5 to 7 days a week, for weeks at a time, all while in some of the harshest working conditions.

6. Plaintiff and other Safety Supervisors like him regularly worked for Defendant in excess of 40 hours each week. However, Defendant did not pay them overtime for hours worked in excess of 40 hours in a single workweek.

7. Instead of paying overtime as required by the Fair Labor Standards Act ("FLSA"), Defendant improperly classified Plaintiff and those similarly situated as independent contractors and paid them a daily rate with no overtime compensation.

8. Defendant at all times relevant has had direct control over Safety Supervisors' day-to-day activities. In this regard, Safety Supervisors were assigned job sites by DTC Energy, often there would be DTC coordinators they would report to, DTC employees at times provided work plans, and DTC supervisors provided job assignments while on location. DTC Energy would also provide Plaintiff and other Safety Supervisors' equipment and/or reimburse them for truck rentals as necessary. Safety Supervisors are wholly economically dependent on Defendant, as they only receive payment for days that they work. DTC Energy also gave Plaintiff and other Safety Supervisors certain personal protective equipment, such as DTC Energy labeled hard hats.

9. Safety Supervisors do not incur operating expenses like rent, payroll, or marketing.

10. The services rendered by Safety Supervisors are an integral part of Defendant's business of providing safety consultant services to its clients.

11. Despite having substantial custody and control over Safety Supervisors and being their employer, Defendant misclassified them as independent contractors to avoid paying overtime compensation.

12. Plaintiff brings this action on behalf of himself and similarly situated current and former Safety Supervisors who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that has deprived Plaintiff and similarly situated employees of their lawfully earned wages.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), and/or pursuant to 28 U.S.C. § 1367.

14. The proposed collective action includes a total number of plaintiffs in excess of 50.

15. Venue is proper in the District of Colorado, Denver Division, because Defendant is incorporated in this District.

## PARTIES

16. Jose Rodriguez ("Rodriguez") is an adult individual who is currently resident of the State of Florida.

17. Rodriguez was employed by DTC Energy a Safety Supervisor from approximately July 2022 through November 2022.

18. At all relevant times, Rodriguez was an "employee" of DTC Energy as defined by the FLSA.

19. At all relevant times, DTC Energy was Rodriguez's "employer" as defined in the FLSA.

20. A written consent form for Rodriguez is being filed with this Collective Action Complaint.

21. Plaintiff brings this action on behalf of himself and all other similarly situated Safety Supervisors who were paid a day rate and did not receive overtime compensation.

3

22. The class of similarly situated employees or potential class members sought to be certified is defined as follows:

> **ALL CURRENT AND FORMER SAFETY SUPERVISORS WHO PROVIDED SERVICES TO OR ON BEHALF OF DTC ENERGY WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY RATE DURING THE LAST THREE YEARS ("Collective Members").**

## DEFENDANT

**DTC Energy Group, Inc.**

23. DTC Energy Group, Inc. has co-owned and/or co-operated all DTC Energy corporations throughout the United States during the relevant time period.

24. DTC Energy Group, Inc. is a domestic business corporation organized and existing under the laws of Colorado.

25. The corporate headquarters for DTC Energy Group, Inc. 725 Memorial Highway, Suite 1, Bismarck, North Dakota 58504.

26. At all relevant times, DTC Energy Group, Inc. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

27. During his employment, Plaintiff received paystubs that list DTC Energy Group, Inc. as the corporate payor.

28. DTC Energy Group, Inc. has applied the same employment policies, practices, and procedures to all Safety Supervisors throughout the United States.

29. At all times relevant, DTC Energy Group, Inc. has had an annual gross volume of sales in excess of $500,000.00.

30. At all times relevant, DTC Energy Group, Inc. has had more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce.

4

31. DTC Energy Group, Inc. may be served through its registered agent: Andrew Meyers, 900 Locust Street, Denver, Colorado 80220.

## COVERAGE UNDER THE FLSA

32. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

34. At all times hereinafter mentioned, Defendant has been a part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment – that have been moved in or produced for commerce by any person and in that Defendant have and have had an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

35. At all times hereinafter mentioned, Plaintiff and Collective Members were engaged in commerce or in the production of goods for commerce

## FACTS

36. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Jose Rodriguez**

37. Rodriguez and those similarly situated to him worked for Defendant as Safety Supervisors.

5

38. Rodriguez worked for Defendant as a Rodriguez from approximately July 2022 through November 2022.

39. Defendant classified Rodriguez as an independent contractor during his employment.

40. Rodriguez was placed by Defendant to its mining customer's job site in Silver Peak, Nevada from July 2022 through August 2022.

41. Rodriguez was then placed by Defendant to its mining customer's job site in Kings Mountain, North Carolina from end of August 2022 through November 2022.

42. During the course of his employment, Rodriguez regularly worked over 40 hours per week.

43. During his employment, Rodriguez was generally to work the following schedule: 5 to 7 days per week, with daily shifts between 12 to 14 hours per day.

44. As a result, Rodriguez consistently worked over 40 hours per week.

45. Defendant paid Rodriguez with a set day rate regardless of the number of hours worked.

46. Rodriguez primary duties were technical and consisted of well-established site safety procedures. As a result, Rodriguez had primarily non-exempt job duties.

47. Although Defendant classified Rodriguez as an independent contractor, Defendant exercised custody and control over all material aspects of his employment and the performance of his job. For instance, DTC Energy controlled Rodriguez's day to day operations by providing him with job assignments, reviewing his work, and providing additional instructions and guidelines to perform his duties. Rodriguez was likewise required to also provide daily reports to DTC Energy supervisors. DTC Energy also controlled his work schedule and rates of pay, and provided him with equipment necessary to do his job. Rodriguez was wholly economically dependent upon Defendant, and was not in business for himself.

6

48. Rodriguez did not incur operating expenses like rent, payroll, or marketing.

49. No real investment was required of Rodriguez to perform his job duties. In this regard, DTC Energy provided Rodriguez with the equipment used to perform his job duties.

50. The services rendered by Rodriguez were an integral part of DTC's business of providing safety consulting services.

51. Upon information and belief, Defendant did not keep accurate records of hours worked by Rodriguez and similarly situated employees.

## COLLECTIVE ALLEGATIONS

52. Plaintiff brings the First Cause of Action, a FLSA claim, on behalf of himself and all similarly situated persons who work or have worked for DTC Energy as Safety Supervisors classified as independent contractors and paid a day-rate companywide who elect to opt-in to this action (the "FLSA Collective").

53. Defendant is liable under the FLSA for, *inters alia*, failing to properly compensate Plaintiff and Class Members.

54. Consistent with Defendant's policies and patterns or practices, Plaintiff and the Class Members were not paid the proper premium overtime compensation when they worked beyond 40 hours in a workweek.

55. All of the work that Plaintiff and the Class Members have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the Class Members have performed.

56. As part of their regular business practice, Defendant have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, and with respect to Plaintiff and the Class Members. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay its employees, including Plaintiff and Class Members,

premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

b.  willfully failing to record all of the time that their employees, including Plaintiff and the Class Members, have worked for the benefit of Defendant.

57. Defendant's unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by misclassifying employees.

58. Defendant is aware or should have been aware that federal and state law required them to pay Plaintiff and the Class Members overtime premiums for all hours worked in excess of 40 per workweek.

59. Plaintiff and the Class Members perform or performed the same primary duties.

60. There are many similarly situated current and former Safety Supervisors who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

61. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
**(Brought on behalf of Plaintiff and the FLSA Collective)**

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of FLSA Collective.

64. Defendant failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay, which includes all total earnings per workweek, for all hours worked beyond 40 per workweek.

65. Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendant did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective. As such, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

66. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of the FLSA Collective, respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Safety Supervisors and other similarly situated workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at DTC Energy nationwide. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

   C. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

   D. Reasonable attorneys' fees and costs of the action; and

   E. Such other relief as this Court shall deem just and proper.

Dated: New York, New York   Respectfully submitted,
   July 16, 2024

      /s/ Armando A. Ortiz
      Armando A. Ortiz


**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Armando A. Ortiz
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375
jfitapelli@fslawfirm.com
aortiz@fslawfirm.com

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
11 Greenway Plaza #3025
Houston, Texas 77046
Telephone: (713) 877-8788
rburch@fslawfirm.com


*Attorneys for the Plaintiff and Putative Collective*

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1. Doy mi consentimiento para ser parte demandante en una demanda contra DTC ENERGY y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2. Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 40% del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

*Jose Rodriguez*
Jose Rodriguez (Jan 3, 2025 12:48 EST)

Firma (Signature)

# Jose Rodriguez

Nombre legal completo (Imprenta) (Full Legal Name (Print))